UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)    3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Rhonda L. Adams v.*      No. 3:11-cv-12309-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Jennifer Alday v. Bayer Corp., et al.*      No. 3:11-cv-12382-DRH-PMF

*Amy Baechel v.*      No. 3:11-cv-12084-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Jennifer S. Bessinger v.*      No. 3:11-cv-12762-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Michelle Coghill v.*      No. 3:11-cv-12144-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Chala S. Crawford v.*      No. 3:11-cv-12780-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Kimberly Franklin v.*      No. 3:11-cv-11948-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Cyndel L. and Raymundo Galindo v.*      No. 3:11-cv-12237-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Chelsea D. Masongsong v.*      No. 3:11-cv-12635-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Rebecca Massey v. Bayer Corp., et al.*      No. 3:11-cv-12416-DRH-PMF

*Tamara Morris v.*      No. 3:10-cv-13690-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Holly Newton v. Bayer Corp., et al.*      No. 3:11-cv-12926-DRH-PMF

| | |
|---|---|
| *Diana Olliges v. Bayer Corp., et al.* | No. 3:11-cv-12315-DRH-PMF |
| *Mariah Smith v. Bayer Corp., et al.* | No. 3:11-cv-12267-DRH-PMF |

## ORDER DISMISSING WITH PREJUDICE

**HERNDON, Chief Judge:**

This matter is before the Court on the defendant Bayer HealthCare Pharmaceuticals Inc.'s motion, pursuant to Case Management Order 12 ("CMO 12"), for an order dismissing the plaintiffs' claims, in the above-captioned matters, with prejudice for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.[1]

On April 25, 2012, Bayer HealthCare Pharmaceuticals Inc. moved to dismiss the above captioned matters without prejudice for failure to comply with PFS obligations.[2] The Court granted the motion on June 5, 2012.[3]

In the order dismissing the above captioned actions, the Court warned the plaintiffs that, "pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without**

---

[1] The motion to dismiss filed by Bayer HealthCare Pharmaceuticals Inc. on March 27, 2013 sought dismissal of certain plaintiffs in numerous member actions. This order addresses the single plaintiff actions (including actions involving consortium claims) where no responsive pleading was filed.

[2] Adams D.E. 6; Alday D.E. 6; Baechel D.E. 6; Bessinger D.E. 9; Coghill D.E. 6; Crawford D.E. 9; Franklin D.E. 6; Galindo D.E. 6; Masongsong D.E. 6; Massey D.E. 6; Morris D.E. 10; Newton D.E. 6; Olliges D.E. 11; Smith D.E. 11; Veal D.E. 6.

[3] Adams D.E. 7; Alday D.E. 7; Baechel D.E. 7; Bessinger D.E. 10; Coghill D.E. 7; Crawford D.E. 10; Franklin D.E. 7; Galindo D.E. 7; Masongsong D.E. 7; Massey D.E. 7; Morris D.E. 11; Newton D.E. 7; Olliges D.E. 12; Smith D.E. 12; Veal D.E. 7.

**prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion.**"[4]

On March 27, 2013, approximately ten months after the entry of the order of dismissal without prejudice, Bayer HealthCare Pharmaceuticals Inc. filed the subject motion stating the plaintiffs are still not in compliance with their PFS obligations and asking the Court to convert the dismissals to dismissals with prejudice pursuant to Section E of CMO 12,

The Court notes that, pursuant to Section E of CMO 12, "[u]nless Plaintiff has served Defendants with a completed PFS or has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal without Prejudice, the order will be converted to a Dismissal With Prejudice **upon** Defendants' motion." (MDL 2100 Doc. 836) (emphasis added). <u>Accordingly, the Court could have immediately converted the above captioned dismissals to dismissals with prejudice on March 27, 2013, the day Bayer HealthCare Pharmaceuticals Inc. filed the subject motion</u>.

More than 30 days have passed since Bayer HealthCare Pharmaceuticals Inc.'s motion was filed. Thus, the plaintiffs have had ample time to cure the any PFS deficiencies and avoid a with prejudice dismissal.

Having considered the motion and the relevant provisions of CMO 12 the Court **ORDERS** as follows:

---

[4] Adams D.E. 7; Alday D.E. 7; Baechel D.E. 7; Bessinger D.E. 10; Coghill D.E. 7; Crawford D.E. 10; Franklin D.E. 7; Galindo D.E. 7; Masongsong D.E. 7; Massey D.E. 7; Morris D.E. 11; Newton D.E. 7; Olliges D.E. 12; Smith D.E. 12; Veal D.E. 7 (emphasis in original).

The plaintiffs in the above captioned actions have failed to comply with their obligations pursuant to CMO 12 and more than 60 days have passed since the entry of the order of dismissal without prejudice for failure to comply with CMO 12. Accordingly, pursuant to Section E of CMO 12, **the plaintiffs' complaints are hereby dismissed WITH prejudice**.

**Further**, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

    **SO ORDERED:**

David R. Herndon
2013.05.22
15:20:34 -05'00'

**Chief Judge**                                                                **Date: May 22, 2013**
**United States District Court**